IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MICHAEL JOEL VERNAZZARO, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY ("Principal"), and for its Complaint at Law against MICHAEL JOEL VERNAZZARO ("Vernazzaro"), alleges as follows:

## PARTIES

1. At all relevant times, Plaintiff/Principal Life Insurance Company is an insurance company incorporated under the laws of Iowa with its principal place of business in Des Moines, Polk County, Iowa.

2. At all relevant times, Defendant/Michael Joel Vernazzaro, is a beneficiary of the insured and deceased Mario Vernazzaro's Great Nephew and, upon information and belief, is a citizen of Massachusetts, residing at 90 Bartlett Road, in the City of Plymouth, County of Plymouth, State of Massachusetts.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there is complete diversity between the parties, and Principal seeks the return of overpayment

of death benefit proceeds in the amount of $178,237.95, the amount in controversy, which is in excess of the required amount of $75,000.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and Defendant resides within this jurisdiction.

## STATEMENT OF FACTS

5. On September 18, 2007, Mario Vernazzaro purchased a Single Premium Deferred Annuity Contract from Principal, Contract No.: 8102880 ("the Contract").

6. The single annuity premium was $2,195,334.09.

7. The contract had a death benefit that was equal to the accumulated value as of the time of Mario Vernazzaro's death.

8. On March 14, 2021, Mario Vernazzaro passed away.

9. As of March 14, 2021, the value of the annuity contract and death benefit was $3,609,551.61.

10. At the time of Mario Vernazzaro's death, the beneficiaries and their designations pursuant to the contract were as follows:

| | | |
|---|---|---|
| a. | Ronald Vernazzaro: | 29% |
| b. | Frank Vernazzaro: | 15% |
| c. | Steven Vernazzaro: | 15% |
| d. | Joel Vernazzaro: | 15% |
| e. | Tammy Rossi: | 15% |
| f. | Laurie Vernazzaro: | 3.5% |
| g. | Michael Vernazzaro: | 1.5% |
| h. | Michael J Vernazzaro: | 1.5% |
| i. | Holly Vernazzaro: | 1.5% |
| j. | Celine Botelo: | 1.5% |
| k. | Keli Rossi: | 1.5% |

11. On November 7, 2021, Vernazzaro executed and sent to Principal a Beneficiary Statement.

12. On November 15, 2021, Principal issued a net death benefit, check no. 19140155, to beneficiary, Michael J. Vernazzaro, in the amount of $237,431.37 based on the calculation that he was to receive 7% of the contract benefits. A copy of the issued and cashed death benefit check is attached as **Exhibit A**.

13. Immediately thereafter, Principal realized that it had processed Vernazzaro's death claim proceeds at 7% in error and that it should have properly processed Vernazzaro's benefit at 1.5%, such that his correct benefits were $59,193.39

14. Due to applying the death benefit proceeds at the wrong percentage, Vernazzaro was overpaid $178,237.98.

15. On January 21, 2022, Principal sent correspondence to Vernazzaro via U.S. Mail advising of the overpayment error and demanding return of the overpayment within two weeks. A copy of the January 21, 2022 correspondence is attached as **Exhibit B**.

16. On February 11, 2022, Principal called and sent email correspondence to Vernazzaro following-up on the status of the overpayment and demanded return of the overpayment. A copy of the February 11, 2022 correspondence is attached as **Exhibit C**.

17. On February 22, 2022, Principal sent further correspondence to Vernazzaro following-up on the status of the overpayment and demanded return of the overpayment proceeds. A copy of the February 22, 2022 correspondence is attached as **Exhibit D**.

18. On March 14, 2022, Principal sent email correspondence to Vernazzaro concerning the overpayment of the death claim proceeds and demanded return of the overpayment proceeds. A copy of the March 14, 2022 correspondence is attached as **Exhibit E**.

19. On November 21, 2022, Principal sent correspondence to Vernazzaro via U.S. Mail demanding they contact him regarding the return of the overpayment proceeds. A copy of the November 21, 2022 correspondence is attached as **Exhibit F**.

20. Vernazzaro deposited the death benefit proceeds in his account. See **Exhibit A**.

21. To date, Principal has contacted Vernazzaro on numerous occasions demanding return of the overpayment proceeds.

22. Vernazzaro has failed to respond to Principal's demands for the overpaid funds and has not returned any portion of the death benefit overpayment proceeds.

## COUNT I – UNJUST ENRICHMENT

23. Principal realleges and incorporates the allegations of paragraphs 1 through 22 as if fully set forth herein.

24. In Principal overpaying death claim proceeds to Vernazzaro, Principal bestowed a benefit upon Vernazzaro in the amount of $178,237.98, to which he was not entitled under the Contract.

25. After being on notice that he was not entitled to the excess proceeds and despite Principle's repeated demands to return the overpayment amounts, Vernazzaro failed to return the proceeds.

26. Vernazzaro's retention of the excess proceeds would be inequitable under the Contract and unjust as to both Principal and other beneficiaries under the Contract, as Vernazzaro was not entitled to the excess proceeds.

27. Principal has suffered and will continue to suffer economic damages in the amount of $178,237.95 until the excess proceeds are returned.

WHEREFORE, Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY, requests this Court grant judgment in its favor and against Defendant and award economic damages in the amount of $178,237.98 and any and all other relief this Court deems just and reasonable.

## **COUNT II - CONVERSION**

23. Principal realleges and incorporates the allegations of paragraphs 1 through 22 as if fully set forth herein.

24. Vernazzaro was on notice that Principal overpaid him death benefit proceeds in the amount of $178,237.98.

25. After being on notice that he was not entitled to the excess proceeds and Principal's demand that the proceeds be returned, Vernazzaro failed to return the proceeds.

26. Vernazzaro intentionally and wrongfully exercised control and/or dominion over the excess proceeds.

27. Principal had an ownership and possessory interest in those excess proceeds at the time of the alleged conversion.

28. Principal was damaged in the amount of $178,237.98 by Vernazzaro's conduct of refusing to return the excess death benefit proceeds to which he was not entitled.

WHEREFORE, Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY, requests this Court grant judgment in its favor and against Defendant and award economic damages in the amount of $178,237.98 and any and all other relief this Court deems just and reasonable.

Dated: February 27, 2023	Respectfully submitted,

PRINCIPAL LIFE INSURANCE COMPANY,
Plaintiff


By:	*/s/ Tracy M. Waugh*
Tracy M. Waugh, BBO #561762
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
Tel: 617-422-5300
Fax: 617-423-6917
Tracy.Waugh@WilsonElser.com

279677586v.2